# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 2375 | DATE | 6/23/2000 |
| CASE TITLE | Chicago District Council vs. Balmoral Racing Club, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. In summary, virtually all of Balmoral's Answer is stricken: Answer paragraphs 2 through 7, the affirmative defense and the last sentence of Answer paragraph 1. Balmoral is granted until July 5, 2000 to file in this Court's chambers a self-contained Amended Answer curing al of those defects and repeating the few responses left untouched by this memorandum order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | Document Number |
| | No notices required. | | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | JUN 26 2000 | |
| | Notified counsel by telephone. | | | date docketed | |
| | Docketing to mail notices. | | | | 5 |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | 6/23/2000 | |
| SN | courtroom deputy's initials | 00 JUN 23 PM | | date mailed notice SN | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHICAGO DISTRICT COUNCIL OF )
CARPENTERS PENSION FUND, et al., )
)
              Plaintiffs, )
)
v. )   No. 00 C 2375
)
BALMORAL RACING CLUB, INC., )
)
             Defendant. )

MEMORANDUM ORDER

This memorandum order is issued sua sponte to direct counsel for defendant Balmoral Racing Club, Inc. ("Balmoral") to cure the patent defects in their just-filed Answer to the ERISA Complaint brought against Balmoral by several employee benefit funds (collectively "Funds"). Although Balmoral's counsel did manage to get the case number right[1] and the case caption almost right, in every other respect Balmoral has to be viewed as finishing dead last in any race having to do with the quality of federal pleading.

For one thing, despite the unambiguous roadmap marked out by the second sentence of Fed. R. Civ. P. ("Rule") 8(b) as to what representations must be made to entitle a responding party to a deemed denial, Answer ¶¶2 and 10 use this impermissible

---

[1] This is something of an inside joke. By sheer coincidence, the lawyers representing one of the parties in Case No. 00 C 3275 (which is also assigned to this Court's calendar) had filed a document earlier this week that mistakenly carried this case's number of 00 C 2375.

formulation instead:

> Balmoral lacks sufficient information and knowledge either to admit or to deny the allegations contained in Paragraph --, and demands strict proof thereof.

Because a substantial number of other lawyers have employed much the same locution, this Court suspects that there must be a poorly conceived form book out there somewhere that ought to be the subject of a book burning. But because this Court's inquiries directed to various counsel in an effort to learn the origin of such improper usage have been fruitless, it must content itself with simply striking Answer ¶¶2 and 10 and granting Balmoral leave to replead in proper form (see, e.g., Gilbert v. Johnston, 127 F.R.D. 145, 146 (N.D. Ill. 1989) and King Vision Pay Per View, Ltd. v. J.C. Dimitri's Restaurant, Inc., 180 F.R.D. 332 (N.D. Ill. 1998)).

Next, each of Answer ¶¶3 through 7 purport to respond to corresponding allegations in the Complaint that allege the terms of provisions in documents--but instead of providing forthright responses to the specific allegations, Balmoral asserts that the documents "speak for themselves." This Court has been attempting to listen to such written materials for years (in the forlorn hope that one will indeed give voice)--but until some such writing does break its silence, this Court will continue to require pleaders to employ one of the only three alternatives that _are_ permitted by Rule 8(b) in response to all allegations,

including those regarding the contents of documents. No reason appears why Balmoral should not respond by admitting any allegation that accurately describes the content of whatever part of a document is referred to.

To compound its just-described failure to respond, Balmoral goes on in each of those paragraphs to state that it denies all of the corresponding Complaint allegations that are "inconsistent therewith." But how are Funds' counsel or this Court expected to divine just what provisions of the Complaint's allegations regarding the operative documents may be viewed as "inconsistent therewith" by Balmoral and its counsel?[2] For more than one reason, then, Answer ¶¶3 through 7 are stricken.

Finally, Balmoral's purported affirmative defense contends that "[a]ll matters purportedly in dispute and covered by the instant Complaint were fully resolved and settled pursuant to a Settlement Agreement and Release" attached to the Answer. Unless there is something more (or less) than meets the eye, that position <u>cannot</u> be advanced in the objective good faith that Rule 11 requires of both Balmoral and its counsel. That April 15, 1998 settlement of a 1997 lawsuit says expressly that it dealt with employee benefit fund contributions "for the audit

---

[2] In like fashion, the final sentence of Answer ¶1 purports to deny "all of the allegations contained in Paragraph 1 inconsistent therewith." That is simply nonsensical in light of the straightforward jurisdictional allegations contained in Complaint ¶1, and that sentence in Answer ¶1 is stricken.

3

period March 1995 through August 1996"--and Complaint ¶8 just as expressly charges nonpayments by Balmoral together "with its contribution reports for the months of September 1996 to June 1999." How then could the earlier settlement foreclose this entirely separate claim?

In summary, virtually all of Balmoral's Answer is stricken: Answer ¶¶2 through 7, the affirmative defense and the last sentence of Answer ¶1. Balmoral is granted until July 5, 2000 to file in this Court's chambers a self-contained Amended Answer curing all of those defects and repeating the few responses left untouched by this memorandum order.

One last item: There is no reason for any client to pay twice for such unacceptable work by its counsel. Accordingly no charge is to be made to Balmoral for the added work and expense incurred in correcting counsel's errors. Counsel are therefore ordered to apprise their client to that effect by letter (accompanied by a copy of this memorandum order), with a copy of the letter to be transmitted to this Court's chambers solely as an informational matter (not for filing).

                                          */s/ Milton I. Shadur*
                                      Milton I. Shadur
                                      Senior United States District Judge

Date:   June 23, 2000